

ORDERED in the Southern District of Florida on April 10, 2020.

_____

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                      CASE NO.:  19-26849-BKC-AJC
                                                            Chapter 7
**JUMANJI NEST, LLC**

_____Debtor._____/

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING**
**PROPOSED PRIVATE SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN NON-**
**EXEMPT REAL PROPERTY TO TRUMP 906, LLC OR ITS RELATED ASSIGN**

   **THIS CAUSE** having come before the Court on April 7, 2020 at 10:30 a.m. (the

"Hearing") upon the Chapter 7 Trustee's *Motion for Entry of Order Approving Proposed*

*Private Sale of Estate's Right, Title and Interest in Real Property* (the "Motion") [ECF 21],

and the Court having reviewed the Motion and the file; having been advised by Trustee's

counsel that no other offers have been received by the Trustee for the purchase of the

Estate's right, title and interest in the non-exempt real property described as **Lot 17, of**

**CORRECTED PLAT OF GOLF VIEW ESTATES, according to the plat thereof, as**

**recorded in plat Book 41, at Page 58, of the Public Records of Miami-Dade County,**

**Florida** and commonly known as 636 NE 105 Street, Miami, Florida 33138 (the "Property"); having been advised by Trustee's counsel that the proposed buyer, Trump 906, LLC or its related assign (the "Buyer"), has tendered to the Trustee the entire $2,500.00 non-refundable deposit; having heard from Trustee's counsel, Debtor's counsel and Buyer's counsel at the Hearing; having noted that no objections to the Motion were filed or made at the Hearing other than Debtor counsel's request for a continuance of the Hearing; and for the reasons set forth on the record, which are incorporated herein by reference,

### IT IS FOUND AND DETERMINED THAT:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. The: (a) Motion; (b) transaction described in the Motion (the "Proposed Sale"); and (c) sale of the Estate's right, title and interest in the Property are core proceedings under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicates for the relief granted herein are Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002 and 6004.

### Case Background

3. This case commenced with the filing of a voluntary chapter 7 bankruptcy petition by the Debtor, Jumanji Nest, LLC (the "Debtor") on December 18, 2019 (the "Petition Date"). Shortly thereafter, Joel L. Tabas was appointed as Chapter 7 trustee of the Debtors' bankruptcy estate (the "Estate").

**The Property**

4.      The Debtor has an ownership interest in the Property pursuant to a Special Warranty Deed recorded on June 24, 2016 in Official Record Book 30127 at Page 1335 in the Public Records of Miami-Dade County, Florida.

5.      Although not disclosed on the Debtor's Schedule "D" [ECF 1], public records reflect that the Property is encumbered by, among other potential claims, a mortgage in favor of the Buyer securing a debt in the principle amount of $800,000.00.  On February 28, 2020, the Buyer filed Proof of Claim 1-1 asserting that it has a claim against the Debtor in the amount of $1,159,945.50, $800,000.00 of which is secured against the Property (the "Trump 906 Claim").

6.      The Property is not, and cannot be, claimed as exempt, and therefore, is property of the Estate pursuant to 11 U.S.C. § 541 and subject to administration by the Trustee.

7.      The Trustee has not been provided with any evidence that the Debtor is insuring the Property.

**The Offer**

8.      As detailed in the Motion, the Buyer has offered to purchase the Estate's right, title and interest in the Property for $10,000.00 in cleared funds, "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances, interests and defenses, whether known or unknown, scheduled or unscheduled, including, without limitation, the Trump 906 Claim (the "Offer").

9.      The Trustee accepted the Offer subject to: (a) this Court's approval; (b) higher and better offers as required by 11 U.S.C. § 363; and (c) the terms and conditions set forth in the Motion.

**Service of the Motion**

10.      Based on its review of the Certificates of Services of the Motion and the Notice of Hearing of the Motion [ECF Nos. 21, 22, & 23, respectively], the Court finds that proper, timely, adequate, and sufficient notice of the Motion and the Proposed Sale has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

11.      A reasonable opportunity to object or to be heard by all parties in interest with respect to the relief requested in the Motion has been afforded to all known interested persons and entities, and the Court finds that no objections to the Motion were filed or made at the Hearing other than the Debtor's request to continue the Hearing for thirty (30) days.

12.      The transaction: (a) described in the Motion; and (b) authorized by this Order, reflects the proper exercise of the Trustee's sound business judgment, and constitutes a proper exercise of the Trustee's fiduciary duties.

13.      Approval of the transaction contemplated in the Motion is in the best interests of the Estate. Good and sufficient business justification for consummating the Proposed Sale pursuant to Section 363 of the Bankruptcy Code has been established in that, among other things, the sale process conducted by the Trustee as required by Section 363 of the Bankruptcy Code has been fair, open and reasonable, and because, among other things, the Motion was served on all known parties-in-interest, it has given all known parties-in-interest the opportunity to submit higher and better offers.

14.     The Court finds that the Offer is the highest and best, and only, offer for the purchase of the Estate's right, title and interest in the Property.

15.     The Court finds that the sale price of $10,000.00 for the Estate's right, title and interest in the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

16.     Pursuant to the representations and warranties in the Motion, the Court finds that Buyer: (a) has had sufficient opportunity to conduct its own due diligence prior to making the Offer, and (b) has not relied upon any information or documentation provided by the Trustee or the Trustee's employees, agents, representatives or professionals, in making the Offer. Accordingly, the Court finds that the sale of the Estate's right, title and interest in the Property is: (a) "AS-IS, WHERE-IS," (b) subject to all liens, claims, encumbrances, interests and defenses, whether recorded or unrecorded, scheduled or unscheduled, known or unknown; and (c) not subject to any warranties of any type from the Trustee or the Trustee's employees, agents, representatives or professionals.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

17.     The Motion is granted.

18.     The Proposed Sale of the Estate's right, title and interest in the Property to the Buyer for the total sum of $10,000.00 in cleared funds (the "Purchase Price"), on the terms and conditions set forth in the Motion, as modified herein (the "Sale"), is hereby approved in all respects pursuant to Section 363 of the Bankruptcy Code; provided, however that the Debtor shall have thirty (30) days from the date of entry of this Order to: (i) submit a higher and better offer in writing to the Trustee for the Estate's right, title and

interest in the Property; and (ii) tender a $10,000.00 bid deposit in cleared funds to the Trustee.

19.     In the event the Debtor timely (i) submits a higher and better offer in writing to the Trustee, and (ii) tenders a $10,000.00 bid deposit in cleared funds to the Trustee, this Order shall be vacated, and in its place, the Court shall enter an Order (1) Approving Competitive Bidding Procedures and (2) Scheduling Date to Conduct an Auction of the Property.

20.     Notwithstanding the foregoing, the Buyer is directed to pay the Trustee the remaining balance of the Purchase Price (i.e., $7,500.00 in cleared funds) within seven days of this Order becoming final and non-appealable.

21.     In the event the Debtor fails to timely (i) submit a higher and better offer in writing to the Trustee, or (ii) tender a $10,000.00 bid deposit in cleared funds to the Trustee, the Trustee is authorized, directed and empowered to fully perform under, consummate and implement the terms of the Sale as soon as practicable for the Trustee, but in no event shall the closing take place any sooner than thirty (30) days from date of entry of this Order.  Notwithstanding the foregoing, the Trustee, Buyer and Debtor may agree to further extend the closing date of the Sale if the Debtor provides adequate protection that is acceptable to the Trustee and the Buyer at their sole discretion.

22.     The Trustee is authorized to execute such documents, and take such actions, as he deems reasonable, necessary and/or desirable to: (a) consummate the Sale; and (b) transfer, grant and convey the Estate's right, title and interest in the Property to the Buyer or its related assign. Notwithstanding the preceding: (a) an executed Trustee's Quit Claim Deed; and (b) a certified copy of this Order, shall be the only documents the Trustee is required to deliver to the Buyer to consummate the Sale.

CASE NO: 19-26849-BKC-AJC

23.     The Buyer shall be responsible for the payment of any and all fees and taxes imposed by any governmental agency arising from or relating to the Sale, including but not limited to sales tax, documentary stamp tax and recording fees.

24.     **The sale of the Estate's right, title and interest in the Property is: (a) "AS-IS, WHERE-IS;" (b) subject to all liens, claims, encumbrances, interests and defenses, whether recorded or unrecorded, scheduled or unscheduled, known or unknown; and (c) not subject to any warranties of any type from the Trustee or the Trustee's employees, agents, representatives or professionals.**

25.     The terms of this Order shall control over any inconsistent provisions in the Motion.

26.     The terms and provisions of this Order shall be binding in all respects upon the Trustee, the Estate, the Debtor, the Buyer, all creditors, all parties-in-interest, and any affiliates or assignees, successors and any affected third parties, including, but not limited to, all persons or entities asserting a lien or claim against, or interest in the Property.

27.     Acts performed by the Trustee and/or his attorneys, agents and representatives pursuant to the relief authorized by this Order, including but not limited to consummation of the Sale, will not and shall not give rise to any claims by any parties, including but not limited to: (a) the Debtor and its agents, attorneys, employees, and/or representatives; (b) the Buyer and its agents, attorneys, employees, and/or representatives; (c) any creditors, including but not limited to those that may possess liens, claims, encumbrances or interests allegedly secured by the Property; (d) any parties-in-interest; and (e) any third parties, of any kind or nature whatsoever against: (i) the Trustee; and (ii) the Bankruptcy Estate, and their respective agents, attorneys, employees, and/or representatives, under the laws of the United States, or any state,

territory or possession thereof, arising from or related to the transaction subject of: (a) the Motion; or (b) the relief authorized by this Order, whether scheduled or unscheduled, known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising.

28.    This Court retains exclusive jurisdiction to: (a) enforce, implement and interpret the terms and provisions of (i) this Order and (ii) the Motion, and any and all amendments thereto, any waivers and consents thereunder, and of any agreements executed in connection therewith; and (b) resolve any disputes, controversies or claims arising out of or relating to (i) this Order, or (ii) the Motion, and any and all amendments thereto, any waivers and consents thereunder, and of any agreements executed in connection therewith.

29.    Because the sale of the Estate's right, title and interest in the Property is subject to all liens, claims, encumbrances, interests and defenses, the relief authorized by this Order shall not entitle the holder of any such lien, claim, encumbrance interest or defense to a secured claim against the Bankruptcy Estate.

# # #

Submitted by:

Joshua D. Silver, Esquire
Tabas & Soloff, P.A.
25 S.E. 2nd Avenue, Suite 248
Miami, FL 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
jsilver@tabassoloff.com

Copy furnished to:
Joshua D. Silver, Esquire
Attorney Joshua D. Silver is hereby directed to serve a copy of this Order immediately upon receipt on all interested parties.