UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:    CASE NO. 19-26849-AJC
     CHAPTER 7

JUMANJI NEST LLC,

   Debtor.

## DEBTOR'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION FOR ENTRY OF ORDER APPROVING PRIVATE SALE

Debtor, JUMANJI NEST LLC, (hereinafter referred to as "Debtor"), and undersigned counsel, hereby file this Motion for Reconsideration of Order Granting Motion for Entry of Order Approving Private Sale, pursuant to Fed.R.Civ.P. 59(e), as made applicable to this matter by Fed.R.Bankr.P. 9024[1] and in support thereof, states as follows:

1. The debtor's verification is being done by the principal owner of Jumanji Nest, LLC, Patrizia Bonaduce.

2. Debtor filed Chapter 7 Bankruptcy on December 18, 2019.

3. The 341 meeting of creditors was held on January 15, 2020.

4. The hearing on the Motion for Sale of Property was held on April 7, 2020.

---

[1] **Rule 9024. Relief from Judgment or Order:** Rule 60 F.R.Civ.P. applies in cases under the Code except that (1) a motion to reopen a case under the Code or for the reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c), (2) a complaint to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by §727(e) of the Code, and (3) a complaint to revoke an order confirming a plan may be filed only within the time allowed by §1144, §1230, or §1330. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

1

5. Before the hearing, the undersigned attorney lost communication with Patrizia Bonaduce ("Patrizia"), and after reestablishing communication; all of the following issues came to light.

6. The order granted the Motion and approved the Proposed Private Sale of Estate's Right, Title And Interest In Non-Exempt Real Property To Trump 906 LLC Or Its Related Assign (see attached order).

7. The house was purchased by GOLF VIEW NEST, a corporation co-owned 50% by Patrizia's ex-husband Miguel Petrizan ("Miguel") and 50% by Patrizia, in October 2014 for $830,000 with a private loan of $587,000 at 8% interest from Trump 906.

8. In 2016 Miguel made Patrizia resign her 50% of shares and he became the sole owner of GOLF VIEW NEST in order to obtain a cash-out of $213,000 for himself, increasing the debt with Trump 906 to $800,000, now at 9% interest.

9. Miguel explained that Patrizia had to be out of the company to be approved. Patrizia was deceived by Miguel and Trump 906 Mortgage Broker Jorge Moran, his personal friend. Miguel promised Patrizia to use this money to pay the house expenses.

10. In 2016, Miguel transferred the house from GOLF VIEW NEST to a corporation in Delaware: JUMANJI NEST (50% of shares each).

11. Patrizia was not aware that Miguel never notified Trump 906 about this change. It was solely Miguel's decision.

12. Patrizia knew later in 2018 that Miguel did this change due to the fact that Miguel was hiding from a money laundering case in his native Argentina.

13. In 2017, Miguel stopped property taxes; he also ceased paying the mortgage, even having said he would use that cash-out money to pay the house's expenses.

14. The divorce came in 2018, and Patrizia found out that the house was 6 months late on mortgage payments and had two and half years in unpaid property taxes.

15. Miguel just squeezed all the money and let the house die financially.

16. Patrizia bought Miguel's 50% shares of Jumanji Nest for $40,000 as a private divorce agreement and Patrizia never saw Miguel again. Now the Delaware Corporation JUMANJI NEST LLC is 100% owned by Patrizia.

17. Patrizia's goodwill to recover the house is shown by the fact that she has not stopped negotiating with TRUMP 906, through Jorge Moran, Miguel's old friend and mortgage broker on behalf of Trump 906, presenting three (3) contracts, and Jorge Moran rejected them all, and did not want to negotiate:

    a. August 2018 for $850,000

    b. November 2018 for $800,000

    c. November 2019 for $700,000 plus $60,000 in repairs.

18. The value of houses dropped drastically and the bank appraisals came lower, so the full amount Jorge Moran asked for was not honored by any bank institution.

19. Between 2018 and 2019, TRUMP 906 rejected three (3) contract-offers made by Patrizia to purchase the debt signed by GOLF VIEW NEST.

20. Debtor has been divested of their interests. Patrizia will offer the Trustee's office $11,000.00 for the property in the private sale. According to Federal Rule of Bankruptcy Procedure 6004 [2], the Court should put a stay on the sale because Debtor is

---

[2] **Rule 6004. Use, Sale, or Lease of Property:** (a) Notice of Proposed Use, Sale, or Lease of Property. Notice of a proposed use, sale, or lease of property, other than cash collateral, not in the ordinary

within the fourteen (14) day deadline and there are issues of material fact to be determined in an evidentiary hearing.

---

course of business shall be given pursuant to Rule 2002(a)(2), (c)(1), (i), and (k) and, if applicable, in accordance with §363(b)(2) of the Code.
(b) Objection to Proposal. Except as provided in subdivisions (c) and (d) of this rule, an objection to a proposed use, sale, or lease of property shall be filed and served not less than seven days before the date set for the proposed action or within the time fixed by the court. An objection to the proposed use, sale, or lease of property is governed by Rule 9014.
(c) Sale Free and Clear of Liens and Other Interests. A motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold. The notice required by subdivision (a) of this rule shall include the date of the hearing on the motion and the time within which objections may be filed and served on the debtor in possession or trustee.
(d) Sale of Property Under $2,500. Notwithstanding subdivision (a) of this rule, when all of the nonexempt property of the estate has an aggregate gross value less than $2,500, it shall be sufficient to give a general notice of intent to sell such property other than in the ordinary course of business to all creditors, indenture trustees, committees appointed or elected pursuant to the Code, the United States trustee and other persons as the court may direct. An objection to any such sale may be filed and served by a party in interest within 14 days of the mailing of the notice, or within the time fixed by the court. An objection is governed by Rule 9014.
(e) Hearing. If a timely objection is made pursuant to subdivision (b) or (d) of this rule, the date of the hearing thereon may be set in the notice given pursuant to subdivision (a) of this rule.
(f) Conduct of Sale Not in the Ordinary Course of Business.
(1) *Public or Private Sale*. All sales not in the ordinary course of business may be by private sale or by public auction. Unless it is impracticable, an itemized statement of the property sold, the name of each purchaser, and the price received for each item or lot or for the property as a whole if sold in bulk shall be filed on completion of a sale. If the property is sold by an auctioneer, the auctioneer shall file the statement, transmit a copy thereof to the United States trustee, and furnish a copy to the trustee, debtor in possession, or chapter 13 debtor. If the property is not sold by an auctioneer, the trustee, debtor in possession, or chapter 13 debtor shall file the statement and transmit a copy thereof to the United States trustee.
(2) *Execution of Instruments*. After a sale in accordance with this rule the debtor, the trustee, or debtor in possession, as the case may be, shall execute any instrument necessary or ordered by the court to effectuate the transfer to the purchaser.
(g) Sale of Personally Identifiable Information.
(1) *Motion*. A motion for authority to sell or lease personally identifiable information under §363(b)(1)(B) shall include a request for an order directing the United States trustee to appoint a consumer privacy ombudsman under §332. Rule 9014 governs the motion which shall be served on: any committee elected under §705 or appointed under §1102 of the Code, or if the case is a chapter 11 reorganization case and no committee of unsecured creditors has been appointed under §1102, on the creditors included on the list of creditors filed under Rule 1007(d); and on such other entities as the court may direct. The motion shall be transmitted to the United States trustee.
(2) *Appointment*. If a consumer privacy ombudsman is appointed under §332, no later than seven days before the hearing on the motion under §363(b)(1)(B), the United States trustee shall file a notice of the appointment, including the name and address of the person appointed. The United States trustee's notice shall be accompanied by a verified statement of the person appointed setting forth the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.
(h) Stay of Order Authorizing Use, Sale, or Lease of Property. An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise.

21. The property is a quasi-homestead of Patrizia, as she lives in the home and it is her principal residence. The property could never apply for homestead due to Trump 906's mandatory requirement to place the property under a corporation's name.

22. The U.S. Supreme Court instructs that "the right to be heard ensured by the guarantee of due process "has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest." *Richards v. Jefferson County, Ala.,* 517 U.S. 793, 799 (1996). A primary purpose of the notice required by the Due Process Clause is to ensure that the opportunity for a hearing is meaningful. *City of W. Covina v. Perkins*, 525 U.S. 234, 240 (1999).

23. The Eleventh Circuit instructs that a party seeking relief under Rule 60(b)(5) "which allows a court to relieve a party from a judgment whose prospective application is 'no longer equitable' … requires the movant establish a change in circumstance." *Sec. & Exch. Comm'n v. Johnson*, 683 Fed. Appx. 761, 763 (11th Cir. 2017). The Eleventh Circuit further instructs Rule 60: does not limit a court's power to ... entertain an independent action to relieve a party from a judgment, order, or proceeding." An "independent action" is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Aldana v. Del Monte Fresh Produce N.A., Inc.,* 741 F.3d 1349, 1359 (11th Cir. 2014) (citing *United States v. Beggerly*, 524 U.S. 38, 46, 118 S.Ct. 1862, 1867, 141 L.Ed.2d 32 (1998)); see also *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 81 n.7 (5th Cir. 1970) ("Where the adverse party is not prejudiced ... a 60(b) motion may be treated as the institution of an independent action."). In identifying a gross injustice, we review for the existence of these factors: (1) a judgment which ought not, in equity and

good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any remedy at law." Id. at 764. (emphasis added).

24. Debtor's motion is timely according to rule FRBP 9023[3] because it has been less than fourteen (14) days from entry of the attached order or judgment.

25. Debtor believes that due to the foregoing facts, there are genuine issues of material facts in the present case, and thus a stay would be equitable under Federal Rule of Bankruptcy Procedure 6004.

WHEREFORE, for the foregoing reasons, the Debtor, JUMANJI NEST LLC, prays that the Court grants this motion for reconsideration, as well as an Order seeking cancellation of the sale, an Order allowing Patrizia Bonaduce to dismiss her case and file a Chapter 13 bankruptcy so she can attempt to save her home, and for such other good and further equitable relief at law that the Debtor is so justly entitled.

All the facts contained herein are true and correct to the best of my ability to recollect them, Patrizia Bonaduce.

*Patrizia Bonaduce*
_____
PATRIZIA BONADUCE

---

[3] **Rule 9023. New Trials; Amendment of Judgments**: Except as provided in this rule and Rule 3008, Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment. In some circumstances, Rule 8008 governs post-judgment motion practice after an appeal has been docketed and is pending.

6

Respectfully submitted,

*/s/ Eric Scott Brumfield*
Eric Scott Brumfield, Esq.
Law Office of Eric Scott Brumfield, Esq.
Attorney at Law
AET II 7270 NW 12th St. Ste. 545
Miami, Florida 33126
(305) 406-3490
esb@lawesb.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-Service to the parties listed on the service list on this 27th day of April, 2020.

Respectfully submitted,

*/s/ Eric Scott Brumfield, Esq.*
Eric Scott Brumfield, Esq.
Law Office of Eric Scott Brumfield, Esq.
Attorney at Law
AET II, 7270 NW 12th St. Ste. 545
Miami, Florida 33126
(305) 406-3490
esb@lawesb.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 19-26849-AJC<br>Southern District of Florida<br>Miami<br>Wed Dec 18 12:04:55 EST 2019 | Jumanji Nest LLC<br>636 NE 105 St<br>Miami, FL 33138-2054 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| Trump 906 LLC<br>255 Alhambra Circle<br>Suite 500<br>Coral Gables, FL 33134-7417 | Eric S Brumfield<br>7270 NW 12 St # 545<br>Miami, FL 33126-1927 | Joel L Tabas<br>25 SE 2nd Avenue<br>Suite 248<br>Miami, FL 33131-1508 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients    5
Bypassed recipients    1
Total                  6



ORDERED in the Southern District of Florida on April 10, 2020.

A. Jay Cristol, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                      CASE NO.: 19-26849-BKC-AJC
                                                            Chapter 7
**JUMANJI NEST, LLC**

        Debtor.          /

**ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER APPROVING PROPOSED PRIVATE SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN NON-EXEMPT REAL PROPERTY TO TRUMP 906, LLC OR ITS RELATED ASSIGN**

**THIS CAUSE** having come before the Court on April 7, 2020 at 10:30 a.m. (the "Hearing") upon the Chapter 7 Trustee's *Motion for Entry of Order Approving Proposed Private Sale of Estate's Right, Title and Interest in Real Property* (the "Motion") [ECF 21], and the Court having reviewed the Motion and the file; having been advised by Trustee's counsel that no other offers have been received by the Trustee for the purchase of the Estate's right, title and interest in the non-exempt real property described as **Lot 17, of CORRECTED PLAT OF GOLF VIEW ESTATES**, according to the plat thereof, as recorded in plat Book 41, at Page 58, of the Public Records of Miami-Dade County,

CASE NO: 19-26849-BKC-AJC

**Florida** and commonly known as 636 NE 105 Street, Miami, Florida 33138 (the "Property"); having been advised by Trustee's counsel that the proposed buyer, Trump 906, LLC or its related assign (the "Buyer"), has tendered to the Trustee the entire $2,500.00 non-refundable deposit; having heard from Trustee's counsel, Debtor's counsel and Buyer's counsel at the Hearing; having noted that no objections to the Motion were filed or made at the Hearing other than Debtor counsel's request for a continuance of the Hearing; and for the reasons set forth on the record, which are incorporated herein by reference,

**IT IS FOUND AND DETERMINED THAT:**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. The: (a) Motion; (b) transaction described in the Motion (the "Proposed Sale"); and (c) sale of the Estate's right, title and interest in the Property are core proceedings under 28 U.S.C. §§ 157(b)(2)(A), (N) and (O). The statutory predicates for the relief granted herein are Sections 105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 2002 and 6004.

**Case Background**

3. This case commenced with the filing of a voluntary chapter 7 bankruptcy petition by the Debtor, Jumanji Nest, LLC (the "Debtor") on December 18, 2019 (the "Petition Date"). Shortly thereafter, Joel L. Tabas was appointed as Chapter 7 trustee of the Debtors' bankruptcy estate (the "Estate").

CASE NO: 19-26849-BKC-AJC

**The Property**

4. The Debtor has an ownership interest in the Property pursuant to a Special Warranty Deed recorded on June 24, 2016 in Official Record Book 30127 at Page 1335 in the Public Records of Miami-Dade County, Florida.

5. Although not disclosed on the Debtor's Schedule "D" [ECF 1], public records reflect that the Property is encumbered by, among other potential claims, a mortgage in favor of the Buyer securing a debt in the principle amount of $800,000.00. On February 28, 2020, the Buyer filed Proof of Claim 1-1 asserting that it has a claim against the Debtor in the amount of $1,159,945.50, $800,000.00 of which is secured against the Property (the "Trump 906 Claim").

6. The Property is not, and cannot be, claimed as exempt, and therefore, is property of the Estate pursuant to 11 U.S.C. § 541 and subject to administration by the Trustee.

7. The Trustee has not been provided with any evidence that the Debtor is insuring the Property.

**The Offer**

8. As detailed in the Motion, the Buyer has offered to purchase the Estate's right, title and interest in the Property for $10,000.00 in cleared funds, "AS-IS, WHERE-IS," with no representations or warranties of any type being given by the Trustee or his professionals, and subject to all liens, claims, encumbrances, interests and defenses, whether known or unknown, scheduled or unscheduled, including, without limitation, the Trump 906 Claim (the "Offer").

9. The Trustee accepted the Offer subject to: (a) this Court's approval; (b) higher and better offers as required by 11 U.S.C. § 363; and (c) the terms and conditions set forth in the Motion.

**Service of the Motion**

10. Based on its review of the Certificates of Services of the Motion and the Notice of Hearing of the Motion [ECF Nos. 21, 22, & 23, respectively], the Court finds that proper, timely, adequate, and sufficient notice of the Motion and the Proposed Sale has been provided in accordance with Section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

11. A reasonable opportunity to object or to be heard by all parties in interest with respect to the relief requested in the Motion has been afforded to all known interested persons and entities, and the Court finds that no objections to the Motion were filed or made at the Hearing other than the Debtor's request to continue the Hearing for thirty (30) days.

12. The transaction: (a) described in the Motion; and (b) authorized by this Order, reflects the proper exercise of the Trustee's sound business judgment, and constitutes a proper exercise of the Trustee's fiduciary duties.

13. Approval of the transaction contemplated in the Motion is in the best interests of the Estate. Good and sufficient business justification for consummating the Proposed Sale pursuant to Section 363 of the Bankruptcy Code has been established in that, among other things, the sale process conducted by the Trustee as required by Section 363 of the Bankruptcy Code has been fair, open and reasonable, and because, among other things, the Motion was served on all known parties-in-interest, it has given all known parties-in-interest the opportunity to submit higher and better offers.

CASE NO: 19-26849-BKC-AJC

14. The Court finds that the Offer is the highest and best, and only, offer for the purchase of the Estate's right, title and interest in the Property.

15. The Court finds that the sale price of $10,000.00 for the Estate's right, title and interest in the Property constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code.

16. Pursuant to the representations and warranties in the Motion, the Court finds that Buyer: (a) has had sufficient opportunity to conduct its own due diligence prior to making the Offer, and (b) has not relied upon any information or documentation provided by the Trustee or the Trustee's employees, agents, representatives or professionals, in making the Offer. Accordingly, the Court finds that the sale of the Estate's right, title and interest in the Property is: (a) "AS-IS, WHERE-IS," (b) subject to all liens, claims, encumbrances, interests and defenses, whether recorded or unrecorded, scheduled or unscheduled, known or unknown; and (c) not subject to any warranties of any type from the Trustee or the Trustee's employees, agents, representatives or professionals.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

17. The Motion is granted.

18. The Proposed Sale of the Estate's right, title and interest in the Property to the Buyer for the total sum of $10,000.00 in cleared funds (the "Purchase Price"), on the terms and conditions set forth in the Motion, as modified herein (the "Sale"), is hereby approved in all respects pursuant to Section 363 of the Bankruptcy Code; provided, however that the Debtor shall have thirty (30) days from the date of entry of this Order to: (i) submit a higher and better offer in writing to the Trustee for the Estate's right, title and

CASE NO: 19-26849-BKC-AJC

interest in the Property; and (ii) tender a $10,000.00 bid deposit in cleared funds to the Trustee.

19. In the event the Debtor timely (i) submits a higher and better offer in writing to the Trustee, and (ii) tenders a $10,000.00 bid deposit in cleared funds to the Trustee, this Order shall be vacated, and in its place, the Court shall enter an Order (1) Approving Competitive Bidding Procedures and (2) Scheduling Date to Conduct an Auction of the Property.

20. Notwithstanding the foregoing, the Buyer is directed to pay the Trustee the remaining balance of the Purchase Price (i.e., $7,500.00 in cleared funds) within seven days of this Order becoming final and non-appealable.

21. In the event the Debtor fails to timely (i) submit a higher and better offer in writing to the Trustee, or (ii) tender a $10,000.00 bid deposit in cleared funds to the Trustee, the Trustee is authorized, directed and empowered to fully perform under, consummate and implement the terms of the Sale as soon as practicable for the Trustee, but in no event shall the closing take place any sooner than thirty (30) days from date of entry of this Order. Notwithstanding the foregoing, the Trustee, Buyer and Debtor may agree to further extend the closing date of the Sale if the Debtor provides adequate protection that is acceptable to the Trustee and the Buyer at their sole discretion.

22. The Trustee is authorized to execute such documents, and take such actions, as he deems reasonable, necessary and/or desirable to: (a) consummate the Sale; and (b) transfer, grant and convey the Estate's right, title and interest in the Property to the Buyer or its related assign. Notwithstanding the preceding: (a) an executed Trustee's Quit Claim Deed; and (b) a certified copy of this Order, shall be the only documents the Trustee is required to deliver to the Buyer to consummate the Sale.

23. The Buyer shall be responsible for the payment of any and all fees and taxes imposed by any governmental agency arising from or relating to the Sale, including but not limited to sales tax, documentary stamp tax and recording fees.

24. **The sale of the Estate's right, title and interest in the Property is: (a) "AS-IS, WHERE-IS;" (b) subject to all liens, claims, encumbrances, interests and defenses, whether recorded or unrecorded, scheduled or unscheduled, known or unknown; and (c) not subject to any warranties of any type from the Trustee or the Trustee's employees, agents, representatives or professionals.**

25. The terms of this Order shall control over any inconsistent provisions in the Motion.

26. The terms and provisions of this Order shall be binding in all respects upon the Trustee, the Estate, the Debtor, the Buyer, all creditors, all parties-in-interest, and any affiliates or assignees, successors and any affected third parties, including, but not limited to, all persons or entities asserting a lien or claim against, or interest in the Property.

27. Acts performed by the Trustee and/or his attorneys, agents and representatives pursuant to the relief authorized by this Order, including but not limited to consummation of the Sale, will not and shall not give rise to any claims by any parties, including but not limited to: (a) the Debtor and its agents, attorneys, employees, and/or representatives; (b) the Buyer and its agents, attorneys, employees, and/or representatives; (c) any creditors, including but not limited to those that may possess liens, claims, encumbrances or interests allegedly secured by the Property; (d) any parties-in-interest; and (e) any third parties, of any kind or nature whatsoever against: (i) the Trustee; and (ii) the Bankruptcy Estate, and their respective agents, attorneys, employees, and/or representatives, under the laws of the United States, or any state,

Case 19-26849-AJC    Doc 31    Filed 04/13/20    Page 8 of 8

CASE NO: 19-26849-BKC-AJC

territory or possession thereof, arising from or related to the transaction subject of: (a) the Motion; or (b) the relief authorized by this Order, whether scheduled or unscheduled, known or unknown, contingent or otherwise, existing as of the date hereof or hereafter arising.

28. This Court retains exclusive jurisdiction to: (a) enforce, implement and interpret the terms and provisions of (i) this Order and (ii) the Motion, and any and all amendments thereto, any waivers and consents thereunder, and of any agreements executed in connection therewith; and (b) resolve any disputes, controversies or claims arising out of or relating to (i) this Order, or (ii) the Motion, and any and all amendments thereto, any waivers and consents thereunder, and of any agreements executed in connection therewith.

29. Because the sale of the Estate's right, title and interest in the Property is subject to all liens, claims, encumbrances, interests and defenses, the relief authorized by this Order shall not entitle the holder of any such lien, claim, encumbrance interest or defense to a secured claim against the Bankruptcy Estate.

### #

Submitted by:

Joshua D. Silver, Esquire
Tabas & Soloff, P.A.
25 S.E. 2nd Avenue, Suite 248
Miami, FL 33131
Telephone: (305) 375-8171
Facsimile: (305) 381-7708
jsilver@tabassoloff.com

Copy furnished to:
Joshua D. Silver, Esquire
Attorney Joshua D. Silver is hereby directed to serve a copy of this Order immediately upon receipt on all interested parties.